In the Matter of ESTABLISHMENT INSPECTION OF MICROCOSM.

Appeal of John C. JUSTICE, doing business as Microcosm.

No. 90–2581.

United States Court of Appeals, Seventh Circuit.

Argued April 15, 1991.
Decided Dec. 17, 1991.

John C. Justice (argued), pro se.

Mary E. Gleaves (argued), Dept. of Labor, Appellate Litigation, Ann Rosenthal, Laura V. Fargas, Dept. of Labor, Office of the Sol., Washington, D.C., Maria P. Peterson, Cyrus A. Alexander, Dept. of Labor, Chicago, Ill., for appellee.

Before BAUER, Chief Judge, COFFEY and MANION, Circuit Judges.

COFFEY, Circuit Judge.

John C. Justice, doing business as Microcosm, appeals the district judge's order finding him in contempt of court for refusing to comply with an inspection warrant authorizing the inspection of his business premises for violations of the Occupational Safety and Health Act as well as the imposition of sanctions in the amount of $1,500 and attorney's fees and costs of $619.79.[1] We affirm the imposition of attorney's fees and costs of $619.79, and reverse the $1,500 sanction.

---

1. In his notice of appeal, Justice also purports to be appealing a district court's order to show cause why he should not be adjudged in contempt of court. But since he has neither raised arguments applicable to the order to show cause nor apprised us of how such an order might be appealable, we need not address that order.

## I. BACKGROUND

On February 10, 1989, the Occupational Safety and Health Administration ("OSHA") district office in Calumet City, Illinois received an anonymous letter complaining about unsafe working conditions at Microcosm:

"I am writing this for a friend who wants to make a complaint about working conditions in a factory at 1699 S. 55th Ave. Cicero, Ill. 60650 tel no. 656–3250. MICROCOSM is the name. The smell from solvents used in the factory is so bad, my friend is sick practically every day. Others have the same problem. Something should be done about it because the Boss will not do anything about it. I hope you can visit the factory to see for yourself.

"My friend does not want his name used and neither do I because I am only trying to help him get some relief."

The Area Director of OSHA sent a letter to Microcosm on February 22, 1989, informing it that the local office of OSHA had received a notice of a health hazard in the work place because "[e]mployees are becoming ill due to solvent vapors in the work area." The letter further stated:

"We have not determined whether the hazards, as alleged, exist at your work place; and we do not intend to conduct an inspection at this time. However, since allegations of violations have been made, you are requested to investigate the alleged conditions and make any necessary corrections or modifications. Within 10 days of your receipt of this letter, please advise me in writing of the results of your investigation. Please provide any supporting documentation of your findings, including any applicable measurements or monitoring results, and photographs which you believe would be helpful, as well as a description of any corrective action you have taken or are in the process of taking, including photographs of the corrected condition.

. . . .

"... If we do not receive a response from you within 10 calendar days or less indicating that appropriate action has been taken or that no hazard exists and why, an inspection may be conducted."

The owner, John C. Justice, responded on March 4, 1989:

"I have inquired exhaustively and have found no one at this address who has complained to your agency as set forth in your letter dated February 22, 1989, to which I am replying timely as requested."

Considering Justice's letter of March 4 to be unresponsive, the area OSHA director sent a second and third letter to Microcosm on June 8, 1989, and June 30, 1989. The latter two letters included a copy of the February 22, 1989 letter and stated:

"We have not received a reply from you concerning these allegations. Please advise this office of your findings and of any corrective action you have taken within 10 days. If we do not hear from you, an inspection may be scheduled."

Justice submitted a second letter July 12, 1989:

"In response to your letters inquiring as to whether I have done anything about the complaint alleged in your letter dated February 22, 1989, I have addressed that issue in my letter dated March 4, 1989....

"In my letter I had asserted that no one at this address complained as alleged in your letter. Therefore, unless the complainant comes forward, and tells me what the unsatisfactory condition is, I have no knowledge of it or how to rectify it, and must assume that your office is lying."

On August 30, 1989, an OSHA compliance officer attempted to inspect the Microcosm premises, but John C. Justice refused to allow entry. Another OSHA officer attempted to question the owner by telephone on September 7, 1989, but the appellant refused to talk with him.

On October 16, 1989, the OSHA compliance officer applied to a magistrate in the United States District Court for the Northern District of Illinois for an inspection

warrant pursuant to 29 U.S.C. § 657(a).[2] The warrant application detailed the series of events leading up to the request for an inspection warrant. It defined the complaint OSHA received as a "non-formal complaint," which OSHA's Field Operations Manual Chapter IX requires to be dealt with initially with letters of inquiry, and in the event the employer fails to respond adequately, through an inspection. The application stated:

"The complaint alleged, in pertinent part, that the complainant believes that a violation of the Act exists which is a job health hazard at the above described workplace to which employees are exposed, to wit: Employees are becoming ill, due to solvent vapors in the work area. The complaint indicates that the existence of these conditions may be in violation of the Act/or the regulations issued pursuant thereto. Based on the information in the complaint, OSHA has determined that there are reasonable grounds to believe that such violations exist, and desires to make the inspection required by section [657(a)] of the Act."

The magistrate issued the inspection warrant as requested.

A compliance officer attempted to execute the warrant and inspect the business premises of Microcosm on October 17, 1989, but Justice refused the officer entry, stating that the warrant was not signed by a judge and further that OSHA lacked the authority to inspect private property. On October 25, 1989, the district court issued an order to show cause why Justice should not be adjudged in contempt of court for refusing to allow the inspection. After a hearing on October 31, 1989, the district judge held Justice in contempt and ordered

the appellant, John C. Justice, to permit OSHA to inspect the business premises. Once again, the compliance officer attempted to execute the inspection warrant on November 1, 1989, but Justice again refused to allow the officer to inspect the factory. He did allow the officer to enter Microcosm's front door, but claimed that Microcosm consisted only of the hallway and the office. On November 13, 1989, Microcosm (Justice) filed an appeal of the district court's order holding him in contempt and requiring him to allow the inspection, and on November 14 he filed an emergency motion for a stay of the execution of the warrant, which this Court denied November 27, 1989. Justice then moved this Court to reconsider the denial of the stay.

On advice of counsel, Justice moved to dismiss his appeal on February 8, 1990, and we granted his motion. The district court conducted a hearing on February 15, 1990, regarding the Secretary's renewed motion for contempt sanctions. Justice stated that he would allow the inspection in order to avoid the financial sanctions as well as imprisonment, and the inspection occurred on the same day.[3] The district court entered its final order on May 23, 1990, awarding attorney's fees and costs of $619.79 to OSHA for its efforts in attempting to execute the inspection warrant, and further sanctioned Justice $1,500. Since the government agrees with Justice that the $1,500 sanction was improper, we vacate the sanction without further discussion.

## II. ISSUES

The appellant raises numerous constitutional and jurisdictional arguments unsup-

---

2. Section 657(a) states:

"In order to carry out the purposes of this chapter, the Secretary, upon presenting appropriate credentials to the owner, operator, or agent in charge, is authorized—
(1) to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, work place or environment where work is performed by an employee of an employer; and
(2) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reason-

able manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent or employee."

3. Subsequent to the inspection, the Secretary issued citations for violations of OSHA standards and proposed penalties of $12,940. Microcosm is currently challenging the proposed penalty before the Occupational Safety and Health Review Commission.

124

ported by pertinent authority, which we deem unworthy of response. The only issues which merit our consideration are: (1) Whether the district court's action in holding Justice in contempt of court for refusing to honor the inspection warrant was proper; and (2) Whether the attorney's fees and costs were appropriately awarded for the government's efforts in attempting to enforce the inspection warrant.

## III.  CONTEMPT OF COURT

In his initial appearance before the magistrate, the appellant challenged his authority (magistrate's) to issue the inspection warrant and reiterated the same challenge before the district court and now this Court on appeal. Since Justice initially raised his objections to the warrant prior to being adjudicated in contempt of court, the contempt citation would be invalid if the warrant itself were ruled invalid. Thus, we initially address the issue of whether the magistrate's issuance of the OSHA inspection warrant was proper.

### A.  Validity of Warrant

■ The appellant argues that the warrant was invalid because it was signed by a magistrate rather than a judge, but fails to cite any legal support for this proposition. "We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived...." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991). Nonetheless, even though the appellant has waived this argument, we note that it is well-established that magistrates are authorized to issue OSHA search warrants. *See In the Matter of Establishment Inspection of Gilbert & Bennett Manufacturing Co.*, 589 F.2d 1335, 1340 (7th Cir.1979); *cf. In the Matter of Establishment Inspection of Midwest Instruments Co.*, 900 F.2d 1150, 1153 (7th Cir. 1990); *In the Matter of Establishment Inspection of Cerro Copper Products Co.*, 752 F.2d 280, 282 (7th Cir.1985).

■ Justice argues that the magistrate lacked probable cause for issuing the warrant because the complaint upon which the warrant was based was anonymous. He bases this argument upon 29 U.S.C. § 657(f)(1), which states:

"Any employees or representative of employees who believe that a violation of a safety or health standard exists that threatens physical harm, or that an imminent danger exists, may request an inspection by giving notice to the Secretary or his authorized representative of such violation or danger. Any such notice shall be reduced to writing, shall set forth with reasonable particularity the grounds for the notice, and *shall be signed by the employees or representative of employees....*"

Without citing alternative case law or addressing our reasoning in *Burkart Randall Division of Textron, Inc. v. Marshall*, 625 F.2d 1313, 1321–22 (7th Cir. 1980), in which we held that anonymous complaints were valid, Justice merely asserts that our decision was wrong. Despite the appellant's disagreement with our precedent, however, *Burkart Randall* is dispositive of his argument:

"Section 8(f)(1) [29 U.S.C. § 657(f)(1)] does not, however, prescribe minimum requirements for acceptance of an employee complaint by OSHA. Rather, it identifies a particular set of circumstances under which OSHA *must* inspect in response to an employee complaint. We can find no indication in the Act or in judicial interpretations of section 8(f)(1) that OSHA may not determine that an inspection is justified on the basis of an informal employee complaint. Indeed, one court has noted that OSHA

'is required to investigate all complaints whether formal (signed by someone) or anonymous (from a confidential informant, so to speak).'

*Dravo Corp. v. Marshall*, 5 OSHC (BNA) 2057, 2059 (W.D.Pa.1977), *aff'd mem.*, 578 F.2d 1373 (3d Cir.1978). While we need not decide whether OSHA *must* inspect in response to all complaints, we can find no basis for holding that only those complaints which comply with section 8(f)(1) may form the basis for an OSHA inspection."

*Burkart Randall,* 625 F.2d at 1321–22. Thus, the anonymous nature of the complaint that provided the basis for the inspection warrant fails to invalidate it.[4] *Cf. Marshall v. Horn Seed Co., Inc.,* 647 F.2d 96, 100 n. 3 (10th Cir.1981) ("Congress did not intend that complaints complying with section 8(f)(1) form the only basis for an OSHA inspection.").

In a final meritless argument regarding the validity of the search warrant, Justice cites 29 U.S.C. § 658(c) for the proposition that the warrant was untimely. The section states: "no citation may be issued under this section after the expiration of six months following the occurrence of any violation." This argument is apparently based upon the time period from the filing of the complaint on February 10, 1989, to the application for a warrant on October 16, 1989. Justice has misread the statute, for the statute refers to issuing a citation for an OSHA violation within six months of the inspection revealing the violation. The section is unrelated to the time period from the filing of a complaint with OSHA to the time when OSHA responds.

After our review of the record, we hold that the warrant was valid, as the appellant has failed to establish any error in the warrant or the magistrate's issuing of it.

### B.  Violation of Warrant

█ The OSHA compliance officer attempted to execute the warrant of inspection on October 17, 1989, the day after the warrant was issued, and again on November 1, 1989, the day after the district court found Justice in contempt for failure to comply with the warrant when it was presented to him on October 17. Either instance of Justice's refusal to comply with the court order to allow inspection was adequate to support a contempt citation. "Civil ... contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949). The appellant argues that the district court erred in holding him in contempt because "no contempt was intended." It is uncontested that Justice knew he was violating a court order when he refused to allow the inspection, and he fails to cite any pertinent authority for the proposition that his subjective belief that the warrant was invalid justified him in noncompliance. Furthermore, even if his belief was sincere, making his violation unwillful, "[t]he absence of willfulness does not relieve from civil contempt." *Id.* Thus, we hold that the district court properly held Justice to be in civil contempt of court when he refused to comply with the inspection warrant.

## IV.  ATTORNEY'S FEES AND COSTS

█ The Secretary requested costs for attempting to execute the inspection warrant as follows: attorney's fees, $474.08;

---

**4.** Justice seems to argue that if there is not specific authorization published in the Federal Register as required under the Administrative Procedures Act, 5 U.S.C. § 552(a)(1), any inspection based upon an informal complaint is invalid. But as a number of courts have held, not all delegations of authority "must be published in order to be effective. Under the provisions of 5 U.S.C. § 552, the requirement for publication attaches only to matters which if not published would adversely affect a member of the public." *Hogg v. United States,* 428 F.2d 274, 280 (6th Cir.1970). *Accord Donovan v. Wollaston Alloys, Inc.,* 695 F.2d 1, 9 (1st Cir.1982); *New York v. Lyng,* 829 F.2d 346, 354 (2nd Cir.1987); *United States v. Goodman,* 605 F.2d 870, 887–88 (5th Cir.1979); *Cubanski v. Heckler,* 781 F.2d 1421, 1428–29 (9th Cir.1986); *Lonsdale v. United States,* 919 F.2d 1440, 1446 (10th Cir.1990). Justice certainly was not prejudiced from the complaint being anonymous, since 29 U.S.C. § 657(f)(1) provides that "upon the request of the person giving such notice [of an OSHA violation], his name and the names of individual employees referred to therein shall not appear in such copy or on any record published, released, or made available pursuant to subsection (g) of this section." Thus, it is immaterial whether authority to investigate informal complaints is published in the Federal Register.

In a similar vein, the appellant challenges the authority of the attorney for the Department of Labor to initiate this suit and the authority of the compliance officer to enforce OSHA regulations. Justice has failed to demonstrate prejudice from the failure to publish the specific authority granted to these individuals, as it is immaterial which persons carry out the delegated authority of the Secretary of Labor.

secretarial costs, $47.75; benefits, $73.06; and overhead, $24.90, for a sum of $619.79. The district court granted the request for fees, finding it to be "reasonable and appropriate." Initially, Justice argues that since the district court's October 31, 1989 order stated that "[t]he Secretary should submit a bill of costs within ten (10) days," the February 15, 1990 filing of fees was untimely. Since Justice refused to allow an inspection of his premises until February 15, 1990, it would have been impossible for the Secretary to finally determine the amount of costs until such time as the inspection was completed. Thus, the request for fees was not untimely. Second, Justice argues that part of the attorney's fees the district court awarded were related to his initial appeal to this Court of the magistrate's issuance of the inspection warrant, legal work which was unrelated to the contempt petition and thus unrecoverable. In its order awarding attorney's fees and costs in the case before us, the district court noted that "Mr. Justice does not question the propriety of the particular figure, but only the question of his liability." The district court's order demonstrates that Justice failed to challenge the amount of the attorney fees imposed in the district court and is raising a challenge to that amount for the first time in this appeal. "[T]his court has repeatedly stated that arguments raised for the first time on appeal are waived." *United States v. Harty*, 930 F.2d 1257, 1261 (7th Cir.1991). We deem John C. Justice's argument as to the amount of attorney fees waived. Finally, the appellant argues that benefits and overhead are fixed expenses that should not be charged to him. This contention is likewise raised for the first time on appeal, and is thus waived. But we note that it is clearly valid to award attorney's fees and costs for preparing and prosecuting a contempt petition, *Squillacote v. Local 248, Meat & Allied Food Workers*, 534 F.2d 735, 748 (7th Cir.1976), and such fees may include "factors such as overhead and support personnel." *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 862 (7th Cir. 1981). Thus, it was proper for the district judge to compensate OSHA for the ex-

penses incurred in enforcing this contempt citation.

### V. CONCLUSION

We find Justice's arguments on appeal to be lacking in merit and without arguable support in the legal authorities he cited. Many of the arguments he raised are frivolous and thus sanctionable, *see Reis v. Morrison*, 807 F.2d 112, 113 (7th Cir.1986), especially the meritless arguments regarding jurisdiction and the alleged unconstitutionality of OSHA, which were so patently frivolous we decline to address them. Nonetheless, we choose not to sanction the appellant in this instance. He should consider himself fortunate to be taxed costs only in the amount of $619.79 for his contumacious conduct. Since the appellant has failed to demonstrate error in the contempt citation or the imposition of the attorney's fees and costs, the district court's award of fees and costs is AFFIRMED. We agree with the appellant and the government that the sanction of $1,500 was improper, and it is thus REVERSED.