958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ona PRANCKEVICIUTE, Plaintiff/Appellant,
v.
William F. CARROLL, Defendant/Appellee.
 No. 91-1586.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 10, 1992.*
Decided March 20, 1992.
 
 Before BAUER, COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 This is a diversity suit between pro se plaintiff Ona Pranckeviciute, an Illinois resident, and defendant William Carroll, an Indiana resident. Pranckeviciute sued Carroll for legal malpractice arising out of his representation of her during a 1986 eviction proceeding brought against her by Litas Investing Company ("Litas"). After Litas was granted immediate possession of the disputed property,[1] Carroll filed a motion for summary judgment alleging that Indiana's statute of limitations barred Pranckeviciute's legal malpractice action against him. The district court agreed, but construed Pranckeviciute's complaint liberally and held that it also stated a claim against Carroll for fraud, which was not barred by the statute of limitations. A bench trial was held. After Pranckeviciute completed the presentation of her evidence, Carroll moved for involuntary dismissal under Federal Rule of Civil Procedure 41(b), arguing that the facts and law presented during the three-day bench trial failed to establish a right to relief. The district court agreed. We affirm.
 
 
 2
 Pranckeviciute contended that Carroll conspired with Litas to deprive her of her property. The district court, finding Pranckeviciute's evidence largely irrelevant, determined that Carroll did not make any false representations to Pranckeviciute or act in collusion with Litas to deprive her of the property. Thus, it concluded that Pranckeviciute failed to prove by a preponderance of the evidence that attorney Carroll committed fraud against her. We review a district court's factual findings made pursuant to Fed.R.Civ.P. 41(b) under a clearly erroneous standard and its legal conclusion that the plaintiff is not entitled to relief under a de novo standard. Nichol v. Pullman Standard, Inc., 889 F.2d 115, 117 (7th Cir.1989). In this case, however, review of the propriety of the district court's involuntary dismissal of Pranckeviciute's case is waived by her failure to challenge the district court's factual or legal conclusions underlying the Rule 41(b) dismissal, as is her burden on appeal. See Patrick v. Jasper County, 901 F.2d 561, 566 (7th Cir.1990) (appellant's failure to point out the alleged errors in district court's summary judgment order resulted in a waiver of that claim on appeal pursuant to Fed.R.App.P. 28(a)(4)).
 
 
 3
 Pranckeviciute advances no argument or citation to any case law with respect to the correctness of the district court's involuntary dismissal of her case. As we have often warned litigants, " 'perfunctory and underdeveloped arguments, and arguments that are unsupported by legal authority, are waived....' " In the Matter of Establishment Inspection of Microcosm, 951 F.2d 121, 124 (7th Cir.1991). This court is not obligated to raise and investigate possible legal arguments for the parties in a case. Patrick, 901 F.2d at 567. Rather than preserving review of the Rule 41(b) dismissal of her case, Pranckeviciute attempts to prove Carroll's allegedly fraudulent representation by citation to evidence outside the record. However, "[a]n appellant may not attempt to build a new record on appeal to support his position with evidence that was never admitted in the court below." United States v. Phillips, 914 F.2d 835, 840 (7th Cir.1990).[2] Consequently, we do not review Pranckeviciute's allegations of fraud because they are based on evidence outside the record and review of the dismissal of Pranckeviciute's case is waived for her failure to comply with Federal Rule of Appellate Procedure 28(a)(4).
 
 
 4
 Pranckeviciute makes one other argument, namely that the court-appointed interpreter was incompetent and that the incompetence deprived her of the ability to present important evidence. But, appellate review of this argument is also waived. This time by Pranckeviciute's failure to raise the claim in the district court. Microcosm, 951 F.2d at 126. Pranckeviciute, who is Lithuanian and not fluent in English, endorsed the district court's appointment of an interpreter.[3] Additionally, although assisted by a personal interpreter, at no time during the three-day bench trial did Pranckeviciute object to or challenge the accuracy of the court-appointed interpreter's translation of the trial testimony. Consequently, Pranckeviciute's argument is not properly before this court and we do not consider it on appeal.
 
 
 5
 For the above reasons, the district court's dismissal of Pranckeviciute's attorney fraud case is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 In 1982, Pranckeviciute bought some property and quitclaimed it to the Lithuanian Good Shepherd Home, Inc. ("Good Shepherd"), a corporation formed in part by Pranckeviciute. The property was to be used as a nursing home. When Pranckeviciute and Good Shepherd could no longer make the mortgage payments on the property, they asked Litas to invest and quitclaimed the deed of the property as security. Shortly thereafter, Litas sought to remove Pranckeviciute and Good Shepherd from the property. Pranckeviciute retained Carroll to represent her and Good Shepherd during the eviction proceeding
 
 
 [2]
 Although it is unclear, it appears that Pranckeviciute supports her argument with some of the evidence which the district court previously held inadmissible. Pranckeviciute, however, does not challenge any of the district court's evidentiary rulings on appeal. Thus, we do not review such rulings for error
 
 
 [3]
 The court permitted Pranckeviciute to retain her own personal interpreter for assistance, but for purposes of the trial transcript, the court-appointed interpreter's translation was controlling