962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James H. DUNVILLE, Plaintiff/Appellant,
v.
Norman G. OWENS, individually and in his official capacity
as Superintendent of the Indiana State Reformatory, Robert
Shriner, individually and in his official capacity as
Assistant Superintendent, Dan Duroff, individually and in
his official capacity as Manager of Unit Team, et al.,
Defendants/Appellees.
 No. 91-2203.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 22, 1992.*
Decided May 8, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 This is a prisoner's civil rights suit against officials of the Indiana State Reformatory. James Dunville alleges that he was subjected to numerous constitutional violations after he stabbed another inmate. The district court granted summary judgment for defendants Norman Owens, William Layne, Larry Vitotoe, B. Helming, and Jerry McKinstry as to all of Dunville's claims except for one--that they interfered with his mail, which the district court dismissed for failure to state a claim upon which relief could be granted. After allowing Dunville to submit additional information against defendants Robert Shriner, Dan Duroff[1], and Harry Harris, the district court dismissed Dunville's claims against these defendants for failure to state a claim upon which relief could be granted.[2] Dunville appeals. We affirm.[3]
 
 
 2
 We review de novo the district court's grant of summary judgment in favor the defendants. Beraha, M.D. v. Baxter Health Care Corporation, No. 90-3789, slip op. at 7 (7th Cir. March 17, 1992). Summary judgment is proper, if, after drawing all reasonable inferences in the non-moving party's favor, we conclude that no genuine issue of material fact exists and the moving party is entitled to summary judgment as a matter of law. Id.
 
 Eighth Amendment Claims
 
 3
 Dunville claims that the defendants denied him outdoor exercise time during his stay in segregation and forced him to live in a "stripped cell" under unsanitary living conditions in violation of the Eighth Amendment. The district court correctly concluded that the defendants did not restrict Dunville's exercise time in violation of the Eighth Amendment. While Dunville was not permitted to exercise outdoors during his stay in segregation, he was allowed one hour of daily exercise in a corridor outside of his cell. Moreover, the record is devoid of evidence from which to conclude that the defendants limited Dunville's exercise with "deliberate indifference" to his physical needs in order to inflict punishment upon him. See Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991). Rather, defendant Owen's affidavit indicates that Dunville was a security risk to both prison staff and other inmates because he had recently attacked and stabbed another inmate eleven times during outside recreation. Since the defendants' restriction on Dunville's outside recreation was related to a legitimate concern, we conclude that he has suffered no Eighth Amendment violation.[4] See Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir.1988).
 
 
 4
 Similarly, the defendants' temporary placement of Dunville in a "stripped cell" was related to his classification as a security risk, thus it also does not violate the Eighth Amendment. Owen's uncontested affidavit indicates that the prison officials did not remove blankets, sheets, and personal belongings from Dunville's cell for a penal purpose, but rather to limit the places in which Dunville might hide a weapon. Finally, the lack of evidence in the record to establish that the defendants acted deliberately indifferent to Dunville's physical needs is also fatal to his claim that the defendants violated the Eighth Amendment by placing him in a cell in which the ceiling leaked dirty water on his bedding, food, and personal belongings.[5] Because there is no evidence that the prison officials acted intentionally or with reckless disregard for Dunville's well-being, we agree that the defendants were properly granted summary judgment.
 
 Due Process Claims
 
 5
 Dunville contends that he was not afforded adequate due process at the December 3, 1984 hearing concerning his stabbing of another inmate. Specifically, Dunville contends that "he was denied the right to call witnesses and present documentary evidence in his defense" and that the hearing body was not impartial. In the prison disciplinary hearing context, due process requires, among other things, that an impartial tribunal adjudicate the charge against the prisoner and that the prisoner be allowed to call and present witnesses in his favor at the hearing. Wolff v. McDonnel, 418 U.S. 539, 563-67 (1974). In this case, both defendant Owen's sworn affidavit and the documentation of the Conduct Adjustment Board reflect that Dunville requested three inmate witnesses to testify on his behalf, but they refused to appear at his hearing or provide a written statement. Additionally, apart from Dunville's statement that members of the hearing board were biased against him, there is no evidence in the record that any members of the Conduct Adjustment Board witnessed or were personally involved in the investigation or prosecution of the stabbing incident. Redding v. Fairman, 717 F.2d 1105, 1113 (7th Cir.1983). Thus, summary judgment was proper as to Dunville's due process claim.
 
 First Amendment Claims
 
 6
 Although Dunville's complaint alleged that the defendants denied him use of the telephone and confiscated his legal and personal mail in violation of his First Amendment right to freedom of expression, on appeal he argues that the defendants' conduct unlawfully interfered with his access to the courts. Dunville has apparently abandoned his freedom of expression claim on appeal as he advances no argument or citation to any case law with respect to the district court's disposition of this claim. Consequently, we do not review this claim. See In the Matter of Establishment of Microcosm, 951 F.2d 121, 124 (7th Cir.1991) (" 'perfunctory and underdeveloped arguments, and arguments that are unsupported by legal authority are waived....' ") (citation omitted). Dunville has also waived review of his access to courts claim because he has raised this claim for the first time on appeal. United State v. Pryor, No. 90-2405, slip op. at 6 (7th Cir. March 12, 1992).
 
 Conclusion
 
 7
 For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of defendants Owens, Layne, Vitotoe, Helming, and McKinstry. Additionally, we hold that the unserved defendants were properly dismissed, since summary judgment was proper with regard to the served defendants and also because Dunville made no additional allegations against them. AFFIRMED.[6]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. On consideration of that statement, the briefs, and the record, this court denies the request for oral argument. Therefore, the appeal is submitted on the briefs and record
 
 
 [1]
 In his brief, Dunville explicitly states that he has abandoned his claims against Dan Duroff on appeal
 
 
 [2]
 Although the district court determined that defendants Shriner, Duroff, and Harris were not served with process in this action, it did not dismiss the claims against these defendants pursuant to Fed.R.Civ.P. 4(j). See Sellers v. United States, 902 F.2d 598, 601 (7th Cir.1990)
 
 
 [3]
 Dunville accepts the district court's determination that his request for equitable relief was mooted by his transfer out of the Indiana Reformatory. He also does not contest the district court's dismissal of his request for monetary damages against the defendants in their official capacities
 
 
 [4]
 Dunville also contends that he had a protected liberty interest in outdoor exercise and that the defendants' denied him outdoor recreation time without due process of law. Dunville points to Ind.Code. 11-10-11-2 which provides that a "confined person shall be given a reasonable opportunity for physical exercise outside of his immediate living quarters and outside of doors if feasible." We need not decide whether Ind.Code. 11-10-11-2 creates a protected liberty interest in outside recreation because, as the defendants point out, outdoor recreation was no longer "feasible" in Dunville's case, since he had recently stabbed a fellow inmate during outdoor recreation
 
 
 [5]
 To the extent that Dunville claims that the leaky ceiling caused destruction to his personal property, we note that he does not challenge the district court's determination that his claim does not implicate the protection of the Due Process Clause because he can seek damages pursuant to the Indiana Torts Claims Act
 
 
 [6]
 Dunville has filed a motion for appointment of counsel. Given our disposition in this case and considering the factors set forth in Maclin v. Freake, 650 F.2d 885 (7th Cir.1981), Dunville's motion for appointment of counsel is denied