In the Matter of ESTABLISHMENT IN-SPECTION OF CATERPILLAR IN-CORPORATED, Respondent–Appellant.

No. 94–3453.

United States Court of Appeals, Seventh Circuit.

Argued March 30, 1995.

Decided May 25, 1995.

Rehearing Denied Aug. 7, 1995.

Cyrus A. Alexander, Allan H. Bean, Dept. of Labor, Chicago, IL, Barbara Werthmann, Ronald J. Gottlieb (argued), Dept. of Labor, Office of the Sol., Washington, DC, for plaintiff-appellee.

Kenneth Helmuth, Caterpillar Inc., Peoria, IL, Robert E. Mann (argued), Sally J. Scott, Franczek, Sullivan, Mann, Crement, Hein & Relias, Chicago, IL, for defendant-appellant.

Before FLAUM, RIPPLE, and ROVNER, Circuit Judges.

FLAUM, Circuit Judge.

After receiving complaints about the conditions of cranes at one of Caterpillar's work sites, the Occupational Safety and Health Administration ("OSHA") sought to inspect that site. The district court issued a warrant permitting both an OSHA compliance officer and a striking Caterpillar employee representative to inspect part of the premises. The district court then denied Caterpillar's motion to quash the warrant. After permitting the inspection, Caterpillar appealed that decision. We now affirm.

### I.

On June 7, 1994, OSHA received a written complaint signed by Keith Hacker, James Turner, and W.B. Crowden, employees of Caterpillar who worked in "Building G" of Caterpillar's Mossville Technical Center. The complaint alleged the existence of violations of OSHA's overhead crane standard. In mid-June, the United Auto Workers ("UAW"), which represents a number of Caterpillar workers, voted to strike the plant. Hacker, Turner, Crowden and Steven Mitch-

ell all participated in the strike and chose not to cross the picket line.

After investigating the complaint, OSHA concluded that there were reasonable grounds for believing that violations existed and that an inspection under Section 8(f)(1) of the Occupational Safety and Health Act of 1970 (the "Act"), 29 U.S.C. § 657(f)(1), was therefore required. On September 12, 1994, an OSHA compliance officer requested Caterpillar's consent to perform an inspection of certain cranes in the Mossville Center and to review records relating to those cranes. Mitchell accompanied the compliance officer. While Caterpillar did not object to the compliance officer's inspection, it refused to allow Mitchell to accompany him. OSHA decided not to conduct the inspection without Mitchell's presence.

OSHA then applied for an Inspection Warrant and requested that Mitchell be permitted to observe the inspection. Magistrate Judge Robert J. Kauffman granted this motion, *ex parte*, allowing Mitchell to accompany the OSHA compliance officer. Later, on his own initiative, the magistrate judge vacated the warrant and issued a new one that deleted that portion that allowed Mitchell to observe the inspection. After OSHA filed exceptions with the district court, the court issued a warrant authorizing Mitchell to accompany the compliance officers during the inspection, although the warrant expressly limited the inspection to specific items contained in the § 8(f)(1) complaint and any hazardous conditions found in plain view.

Caterpillar initially refused to comply and moved to quash the warrant "to the extent that it allows a striking employee to accompany the compliance officer on his inspection." The Secretary of the Department of Labor (the "Secretary") petitioned the court to find Caterpillar in civil contempt. On October 19, 1994, the district court denied Caterpillar's Motion. On October 20, 1994, Caterpillar filed its notice of appeal and at the same time moved this court for a stay of the district court's order. This court first granted a temporary stay and then, on October 26, 1994, denied the motion and lifted the stay. Rather than risk contempt, Caterpillar complied with the district court's order and allowed the inspection. Caterpillar then appealed.

## II.

■ Caterpillar does not challenge the OSHA compliance officer's right of entry to inspect its premises. Rather, it asserts that the district court lacked authority to compel it to allow a private party to accompany the officer during the inspection. Specifically, Caterpillar maintains that as a matter of statutory interpretation, the Act prohibits striking employees from accompanying OSHA compliance officers on inspections. While we ordinarily review statutory interpretations *de novo*, here we adhere to the general rule that the Secretary's interpretations of the Act and its implementing regulations are entitled to deference if the interpretation is reasonable. *Tex. E. Prod. Pipeline v. OSHRC*, 827 F.2d 46, 48 (7th Cir.1987).

### A.

■ As a threshold matter, OSHA has completed its inspection of Caterpillar's facility, thus raising the specter that Caterpillar's motion to quash the warrant is moot. *See In re Establishment Inspection of Kohler Co.*, 935 F.2d 810, 814 (7th Cir.1991) (where OSHA completed an inspection after the district court's denial of a motion to quash, the "motion to quash became moot . . ."). We conclude, however, that OSHA's inspection of Caterpillar's premises does not render this appeal a mere academic exercise.

■ The general rule is that a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980); *Vencor, Inc. v. Webb*, 33 F.3d 840 (7th Cir.1994). The Supreme Court has recognized an exception to the general rule for situations that are "capable of repetition, yet evading review." *Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498, 514–515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); *see, e.g., Brock v. Roadway Exp., Inc.*, 481 U.S. 252, 258, 107 S.Ct. 1740, 1745–1746, 95 L.Ed.2d 239 (1987); *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct.

1181, 1183, 71 L.Ed.2d 353 (1982); *DeFunis v. Odegaard,* 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974); *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *National–Standard Co. v. Adamkus,* 881 F.2d 352, 358 (7th Cir.1989). In *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975), the Court identified two elements of this exception: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."

Both of the *Weinstein* elements are present in this case. First, after having its motion to quash the warrant denied, and having the temporary stay lifted, Caterpillar was faced with a decision whether to comply with the warrant. Although Caterpillar could have refused entry to its premises and then appealed a subsequent finding of contempt, we do not require litigants to subject themselves to civil or criminal sanctions in order to meet this prong of the mootness test. *Matter of Special April 1977 Grand Jury,* 581 F.2d 589, 591 (7th Cir.1978) (citing *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976)), *cert. denied,* 439 U.S. 1046, 99 S.Ct. 721, 58 L.Ed.2d 705 (1978). Second, as the Secretary's brief points out, "[t]he Secretary is presently evaluating several complaints concerning conditions at other Caterpillar plants." Because Caterpillar employees are still on strike, and since "inspections are not merely possible, but highly likely," *National–Standard,* 881 F.2d at 358, there is a reasonable likelihood that Caterpillar will be subjected to the same action in the future. Thus, there would be every reason to "expect the same parties to generate a similar, future controversy" if we fail to address the substantive issues. *Norman v. Reed,* 502 U.S.

279, 288, 112 S.Ct. 698, 705, 116 L.Ed.2d 711 (1992).

### B.

■ Caterpillar first argues that the Act does not convey to federal courts the authority to compel it to allow an employee to accompany OSHA investigators during an inspection.[1] Section 8 of the Act provides for a right of entry and inspection of work places by both OSHA and private parties. 29 U.S.C. §§ 657(a), (e). Section 8(a) "empowers agents of the Secretary of Labor (Secretary) to search the work area of any employment facility within the Act's jurisdiction." *Marshall v. Barlow's Inc.,* 436 U.S. 307, 309, 98 S.Ct. 1816, 1819, 56 L.Ed.2d 305 (1978). The Act expressly authorizes the Secretary "to inspect and investigate during regular working hours and at other reasonable times and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein...." 29 U.S.C. § 657(a)(2). The Act provides for both programmed (regularly scheduled visits) and unprogrammed (unscheduled, but arising out of a complaint) inspections. *See* 29 U.S.C. § 657(f)(1); 29 C.F.R. § 1903.6. Section 8(f) allows employees and authorized employee representatives the right to request an inspection when they possess a reasonable belief that a violation of a safety or health standard exists that threatens physical harm or presents an imminent danger. 29 U.S.C. § 657(f)(1). Employees may file either formal or informal complaints alleging safety violations of different degrees. 29 C.F.R. § 1903.11. In both cases, OSHA processes and investigates the complaints.

Both the Act's text and implementing regulations permit employees to accompany OSHA officers on inspections.[2] Section 8(e) provides that an authorized employee repre-

---

1. Caterpillar frames this challenge as a jurisdictional issue, contending that "a federal court does not have the authority under the Constitution or federal law to issue an order which allows a private person not otherwise entitled to be on the premises to enter private property to observe an OSHA inspection." We read the company to be arguing that, as a matter of statu-
tory interpretation, the district court erred in upholding the inspection order.

2. Additionally, a third party who is not an employee may accompany the compliance officer when such a party is reasonably necessary to conduct an effective and thorough physical inspection. 29 C.F.R. § 1903.8(c).

sentative shall be afforded an opportunity to accompany the OSHA inspector during his inspection of a workplace for the purpose of aiding the inspection:

> Subject to regulations issued by the Secretary, a representative of the employer and a representative authorized by his employees shall be given an opportunity to accompany the Secretary or his authorized representative during the physical inspection of any workplace ... for the purpose of aiding such inspection.

29 U.S.C. § 657(e). We previously have held that "[i]n view of the clear language of the statute ... the dictates of Section 8(e) are mandatory." *Chicago Bridge & Iron Co. v. OSHRC*, 535 F.2d 371, 375 (7th Cir.1976). Furthermore, the implementing regulations explicitly provide that "a representative of the employer and a representative authorized by his employees shall be given an opportunity to accompany the Compliance Safety and Health officer during the physical inspection of any workplace for the purpose of aiding the inspections." 29 C.F.R. § 1903.8(a).

 While the plain language of § 8(e) permits private parties to accompany OSHA inspectors,[3] Caterpillar maintains that the provision only applies to persons properly on the premises and that because striking employees are not lawfully on the premises, it has a right to exclude them from the inspection. While Caterpillar is correct when it notes that the Act's provisions do not explicitly address the issue of striking employees,

it is incorrect in its conclusion that striking employees must therefore be excluded. Striking employees are considered "employees" or "employee representatives" under the Act. *See Rockford Drop Forge Co. v. Donovan*, 672 F.2d 626, 632 n. 4 (7th Cir.1982) (recognizing that "striking employees ... should be considered 'employees' or 'employee representatives' under OSHA Section 8(f)(1)"). Neither the Act nor its regulations indicate any intent to exclude striking employees from inspections. The Act sets out explicit limits on certain employee inspection and walkaround rights, but does not do so regarding striking employees. For example, the Act seeks to protect an employer from revealing any trade secrets. Section 15 of the Act, 29 U.S.C. § 664, requires that any information obtained in the inspection which might reveal a trade secret shall be considered confidential and all steps shall be taken to protect this confidentiality. Section 664 provides in part:

> All information reported to or otherwise obtained by the Secretary or his representative in connection with any inspection ... which contains or might reveal a trade secret ... shall be considered confidential for the purpose of that section ... In any such proceeding the Secretary, the Commission, or the court shall issue such orders as may be appropriate to protect the confidentiality of trade secrets.[4]

The regulations promulgated under the Act also create a framework that does not

---

**3.** Caterpillar attempts to construct a Fourth Amendment challenge to an inspection by a private party. Although Caterpillar recognizes that the Fourth Amendment does not govern private searches and argues that Mitchell was not acting as a government agent, it maintains that a warrant authorizing a private party to enter its premises somehow violates the Constitution. Perhaps Caterpillar means to argue that a warrant compelling the entry of a non-OSHA party onto private property violates another constitutional provision, such as the due process or takings clauses. The argument it makes, however, fails, and it is not our place to manufacture another.

**4.** Elaborating on this provision, OSHA regulations provide for special attention when trade secrets may be exposed during an inspection. The regulations state:

(c) At the commencement of an inspection, the employer may identify areas in the establish-

ment which contain or which might reveal a trade secret. If the Compliance Safety and Health Officer has no clear reason to question such identification, information obtained in such areas ... shall be labeled 'confidential—trade secret' and shall not be disclosed except in accordance with the provisions of section 15 of the Act.

(d) Upon the request of the employer, any authorized representative of employees under § 1903.8 in an area containing trade secrets shall be an employee in that area or an employee authorized by the employer to enter that area. Where there is no such representative or employee, the Compliance Safety and Health Officer shall consult with a reasonable number of employees who work in that area concerning matters of safety and health.

29 C.F.R. § 1903.9.

indicate an intent to create a broad rule excluding strikers from inspections but rather gives OSHA control over inspections. "[U]pon a refusal to permit ... a representative of employees to accompany the Compliance Safety and Health Officer during the physical inspection of any workplace in accordance with § 1903.8 ... [the Secretary] shall take appropriate action, including compulsory process if necessary." 29 C.F.R. § 1903.4(a). Where a dispute arises as to who is the authorized representative of the employer and the employees, the regulations instruct the OSHA inspector to resolve the dispute. *See* 29 C.F.R. § 1903.8. Likewise, if the officer is unable to ascertain with reasonable certainty the identity of the employee representative, the regulations direct the inspector to "consult with a reasonable number of employees concerning matters of safety and health in the workplace." *Id.*

■ Additionally, internal guidelines promulgated by the Secretary indicate that labor disputes should not affect inspection procedures. The Secretary issued the Field Inspection Reference Manual ("FIRM") on September 26, 1994, an internal handbook designed to set out the responsibilities of compliance officers and to govern OSHA inspections. The FIRM, in detail, sets out pre-inspection, inspection, and post-inspection procedures. It outlines the conduct of compliance officers in most foreseeable situations and attempts to provide guidelines for common inspection situations. With regard to strikes and labor disputes, Chapter II of the FIRM states: "Plants or establishments may be inspected regardless of the existence of labor disputes involving work stoppages, strikes or picketing." The manual further notes that "Unprogrammed inspections ... will be performed during strikes or labor disputes." While we do not regard these guidelines as law, they do provide further proof of the Secretary's policy determination that strikes have no effect on inspections and thus do not limit employee access to the premises.

In the face of these statutory arguments, Caterpillar raises significant policy concerns about the presence of striking employees on employer premises. It points to hostilities that arise from labor disputes, including the tension between striking workers, non-striking employees and management. Caterpillar notes that striking employees that are allowed on company premises may harass or intimidate non-striking employees, including making use of the on-site opportunity to record the names of non-striking employees or to sabotage existing operations.[5]

■ Even if these admittedly valid concerns could overcome the statutory and regulatory indications to the contrary, the Act and its regulations establish a number of administrative safeguards that adequately protect the rights of employers and limit the possibility that private participation in an inspection will result in harm to the employer. The Act and courts have set up procedural requirements that must be satisfied prior to unauthorized entry onto employer property. First, when an employer does not consent to the inspection, OSHA ordinarily must obtain an administrative search warrant in order to perform a worksite inspection. *Barlow's*, 436 U.S. at 325, 98 S.Ct. at 1827. Additionally, "nonconsensual administrative searches of private businesses must comply with the probable cause requirement of the Fourth Amendment." *Matter of Midwest Instruments Co.*, 900 F.2d 1150, 1153 (7th Cir.1990) (citing *Michigan v. Tyler*, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978)); *see Barlow's*, 436 U.S. at 324, 98 S.Ct. at 1826–27. Even after the warrant has been issued, an employer may move to quash the warrant, as Caterpillar has done in the instant case. It is at this stage that an employer can argue to the court the dangers of allowing a striking employee on its premises. The district court then has the ability to limit the search or give necessary warnings. Finally, an employer has the right to contest citations alleging violations of the Act or its

---

5. In the instant case, Caterpillar does not specifically object to Mitchell as the chosen employee representative nor allege that Mitchell engaged in any such inappropriate inspection behavior; it objects to his participation solely because of his status as a striking employee. The record indicates that Mitchell was the employees' choice in that he was well-positioned to assist OSHA, having been the UAW safety and health representative of a plant division for five years.

**340**

regulations. The employer can contest a citation before an independent adjudicative body and the Occupational Safety and Health Review Commission ("OSHRC"). 29 U.S.C. § 659. Upon petition for review by either party, final decisions of OSHRC are subject to review by an appropriate court of appeals. 29 C.F.R. § 660.

The Act's implementing regulations give the OSHA compliance officers controls over the inspection that adequately counter Caterpillar's fears of abuses by employee representatives. The officers have the right to terminate the walkaround rights of any person whose conduct interferes with a fair and orderly inspection. 29 C.F.R. § 1903.8(d). The inspection itself must be reasonable in time, place and manner. 29 U.S.C. § 657(a). Moreover, the implementing regulations explicitly govern the conduct of these inspections. Specifically, Sections 1903.3 and 1903.7 spell out the proper procedures regarding inspections in order to promote safety and avoid disruptions of the worksite.[6] Caterpillar does not allege that OSHA officers will be unable to comply with these regulations. These provisions, if properly followed, will protect both employee and employer interests.[7]

■ Thus, § 8(e) does not prohibit striking employees from accompanying OSHA compliance officers on inspections. To hold otherwise and to adopt such an overbroad rule would force employees to choose between exercising their National Labor Relations Act right to strike and their OSHA right to accompany inspections. We decline to force that choice upon employees. "The purpose of the Act is to inspect for safety hazards and violations of OSHA regulations," *Barlow's*, 436 U.S. at 309, 98 S.Ct. at 1819, and restricting an employee's participation solely on the basis of his status as a striker would work against this purpose. While we recognize the potential harms from the presence of striking employees on employer premises, the current safeguards adequately protect against abuses. In the instant case, OSHA sought and obtained a warrant upon a showing of probable cause. Caterpillar sought to quash the warrant; its motion was denied. In denying Caterpillar's motion to quash the warrant and granting a striker access to its plant, the district court admonished that:

> [t]he compliance and health officer(s) shall closely monitor the conduct of the employee representative at all times while on Caterpillar property to ensure that the employee representative does not engage in any conduct which is not directly related to the OSHA inspection (e.g. any effort to use the occasion as an opportunity to record the names of persons working in the plant).

Caterpillar remains concerned that it would not have an occasion to expose alleged employee representative misconduct. Since an employer may contest citations, opportunity exists for a court to be informed of alleged inspection improprieties and to receive an OSHA response.

■ Finally, Caterpillar argues that even if the Act does not prohibit the issuance of warrants permitting striking employees to enter private property, a court cannot order this entry *ex parte*. Caterpillar contends, with little legal support, that although *Barlow's* permits OSHA to obtain warrants *ex parte*, the Act does not convey authority to allow private parties onto private property in the same manner. Rather, Caterpillar maintains, it is entitled to notice and opportunity to be heard to challenge the non-OSHA individual's inspection rights. Caterpillar argues that a hearing would provide it with pre-inspection notice of the identity of the § 8(e) private party and the opportunity to object to this person's presence. Neither the Act, nor *Barlow's* requires this notice. Furthermore,

6. For example, § 1903.7(d) states that "the conduct of inspection shall be such as to preclude unreasonable disruption of the operations of the employer's establishment." 29 C.F.R. § 1903.7(d).

7. The FIRM and the Field Operations Manual ("FOM"), most recently revised in 1989, also establish procedures for inspections and provide basic policy, operational, and administrative instructions to ensure uniform action in fulfilling the requirements of the Act. Like the FIRM, the FOM establishes a framework to guide compliance officers during inspections.

as noted above, the Act, its regulations, and OSHA enforcement procedures, create sufficient safeguards to prevent against potential abuses so that a hearing is not necessary.

For the foregoing reasons, the district court's denial of Caterpillar's motion to quash is AFFIRMED.